UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FLAGSTAR BANK, FSB,                          :
                                             :
                    Plaintiff,               :
                                             :
         v.                                  :       C.A. No. 20-
                                             :
PEGGY J. KOZAK,                              :
                                             :
                    Defendant.               :

## COMPLAINT

## PARTIES

1.      Plaintiff Flagstar Bank, FSB ("Flagstar" or "Plaintiff") is a federally-chartered savings bank with its principal place of business in Michigan.

2.      Defendant Peggy J. Kozak ("Ms. Kozak" or "Defendant") is a citizen of the United States and the Commonwealth of Massachusetts who owns and resides at 230 Paxton Street, Leicester, Massachusetts ("Property").

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction in this controversy pursuant to 28 U.S.C. §§ 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

4.      Venue in this district is based on 28 U.S.C. § 1391(b).

## FACTS

5.      On or about July 14, 2009, Defendant borrowed $196,343.00 from Nations Lending Corp. ("Lender") and executed a promissory note ("*Note*"), attached hereto as **Exhibit A**, in which she promised to repay the loan plus interest, in monthly payments commencing September 1, 2009, to the order of Lender, and its successors and assigns.

6.       Plaintiff is the current owner of the *Note* and the debt described therein.

7.       Plaintiff, directly or through an agent, is in physical possession of the *Note*.

8.       On or about July 14, 2009, to secure the repayment of the *Note*, Defendant granted a mortgage ("*Mortgage*") against the Property to Mortgage Electronic Registration Systems, Inc., ("MERS") as nominee for Lender, and its successors and assigns.  The *Mortgage* was recorded with the Worcester County Registry of Deeds ("Registry of Deeds") on August 7, 2009, in book 44696 at page 73.  *See Mortgage*, attached hereto as **Exhibit B**.

9.       On August 6, 2013, MERS assigned the *Mortgage* to Plaintiff.  The assignment was recorded in the Registry of Deeds on August 15, 2013, in book 51355 at page 203 ("*Assignment*"). See *Assignment*, attached hereto as **Exhibit C**.

10.      Defendant defaulted on the *Note* and *Mortgage* by failing to make the monthly payment due January 1, 2013, and all subsequent payments.

11.      On June 19, 2019, Plaintiff sent a notice of default ("Notice of Default") to the Defendant to inform her that she must pay $100,006.86, plus any additional regular monthly payment or payments, late charges, fees and charges, which become due, before September 17, 2019, to cure the default on the *Mortgage.*  A copy of the Notice of Default is attached hereto as **Exhibit D**.

12.      The Defendant failed to cure the default before the date specified in the Notice of Default.

13.      On June 19, 2019, Plaintiff also sent a letter entitled "90-Day Right to Cure Your Mortgage Default" to the Defendant in compliance with *Mass. Gen. Laws* ch. 244 § 35A ("35A Letter").  A copy of the 35A Letter is attached hereto as **Exhibit E**.

14.      The Defendant failed to cure the default before the date specified in the 35A Letter.

15.     Plaintiff fulfilled all the regulations of the Secretary of Housing and Urban Development that are conditions to the foreclosure pursuant to paragraph 9 of the Mortgage prior to commencing this action.

16.     Specifically, on June 6, 2019, Plaintiff, through counsel, sent a letter to the Defendant by first class and certified mail offering to engage in a face-to-face meeting to discuss options to resolve the delinquency on the *Mortgage*.

17.     Also, on August 22, 2019, Plaintiff, through counsel, made one trip to see the Defendant at the Property to make a reasonable effort to arrange a face-to-face meeting.

18.     The certified mail and the visit to the Property described in the preceding paragraphs satisfy the obligations of 24 C.F.R. 203.604, to the extent those obligations are incorporated in paragraph 9(d) of the Mortgage, as interpreted by this Court in *Donahue v. Fed. Nat'l Mortg. Ass'n*, No. 17-CV-10635-DJC, 2019 WL 2176939, at *5 (D. Mass. May 20, 2019) (Casper, J.).

## <u>COUNT ONE – FORECLOSURE</u>

19.     Plaintiff incorporates paragraphs 1-18 as if fully set forth herein.

20.     The Defendant is in default on the *Note* for failure to make the payment due January 1, 2013 and all subsequent payments.

21.     Plaintiff has complied with all statutory and contractual requirements prior to commencing this foreclosure action.

22.     Plaintiff requests that the Court order the foreclosure sale of the Property in accordance with such orders of notice and sale as are equitable.

82023456v.1

WHEREFORE, Plaintiff Flagstar Bank, FSB requests that this Court award the following relief in its favor:

1) Conditional judgment of foreclosure pursuant to *Mass. Gen. Laws* ch. 244 §§ 3 and 5;

2) Order of foreclosure sale of the Property pursuant to *Mass. Gen. Laws* ch. 244 § 11;

3) Possession of the Property;

4) Costs and expenses of enforcing the *Mortgage*, including attorneys' fees; and

5) Such other and further relief as this Court deems just and proper.

**FLAGSTAR BANK, FSB**

By its Attorneys,

*/s/ Krystle G. Tadesse*
Joseph A. Farside, Jr. (BBO #667187)
Krystle G. Tadesse (BBO #673899)
Jeffrey C. Ankrom (BBO #704349)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
joseph.farside@lockelord.com
krystle.tadesse@lockelord.com
jeffrey.ankrom@lockelord.com

Dated:  February 3, 2020

82023456v.1