UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **FLAGSTAR BANK, FSB.,** | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO. 20-40012-TSH |
| | ) | |
| | ) | |
| **PEGGY J. KOZAK,** | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF DECISION AND ORDER**
May 17, 2023

**HILLMAN, S.D.J.**

**Background**

Plaintiff, Flagstar Bank, FSB ("Flagstar"), has filed a Complaint against Peggy J. Kozak ("Kozak") seeking a judgment of foreclosure, order of foreclosure sale, possession of the property located at 230 Paxton Street, Leicester, MA and related costs and expenses. Flagstar has filed a motion for summary judgment (Docket No. 63). Kozak, after failing to file an opposition within the time set by the Court was granted a final extension within which to file the opposition. She then filed an opposition to the motion for summary judgment one day *after* the date set by the Court. Despite stating that no further extensions would be granted, the Court permitted the opposition to stand. Thereafter, Kozak has filed multiple motions seeking to supplement her filings in opposition to Flagstar's motion for summary judgment all of which

have been denied by the Court. Kozak's request for reconsideration of the Court's order prohibiting further filings (Docket No. 96) has also been denied.

Kozak has filed a Motion for Permission to Appeal in Forma Pauperis which includes a "Petition for Permission to Appeal to the First Circuit" ("Petition") pursuant to which she seeks leave to file an interlocutory appeal of the denial of her motion for reconsideration. *See* Docket No. 98.[1] That filing was docketed as a Notice of Appeal and the matter has been assigned case number 23-1375 by the First Circuit. To date, no action has been taken by the First Circuit (other than to grant an extension for the time to file opening forms). Kozak is proceeding *pro se* and while her filings suggest that she is addressing her Petition seeking leave to file an interlocutory appeal to the First Circuit, there is some ambiguity in the request. Indeed, Flagstar has filed an opposition to the Petition with this Court. The ultimate decision as to whether to hear Kozak's appeal rests with the First Circuit. However, given the uncertainty as to whether Kozak intended this Court to rule on her Petition in the first instance, to the extent that the Court has jurisdiction over the matter, the Court will rule on her Petition. For the reasons set forth below, her request to file an interlocutory appeal is denied.

## Discussion

Kozak's Petition seeks review of the denial of her motion seeking reconsideration of the Court's orders denying her requests for leave to file a late opposition to Plaintiff's motion for summary judgment and an affidavit in support of that opposition. Both the oversized opposition of 69 pages and the affidavit were filed contemporaneously with a motion to file late. The motion to file late was denied and both were stricken.[2]

---

[1] Kozak's request to proceed *in forma pauperis* has been granted.
[2] As noted above, Kozak had already filed an opposition, which although untimely, was allowed to stand by the Court. Therefore, she is in actuality appealing the Court's order denying her the right to supplement that filing.

Appellate jurisdiction is limited to final decisions of the district court. 28 U.S.C. § 1291. However, in limited situations, interlocutory decisions may be immediately appealable under 28 U.S.C. § 1292(b) ("When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order").

The Court does not find that the requirements of Section 1292(b) are met, that is, the issues do not involve controlling questions of law as to which there is substantial ground for difference of opinion and immediate appeal will prolong rather than advance the ultimate termination of this litigation. Therefore, to the extent that Kozak's Petition can be interpreted as a request for interlocutory appeal under Section 1292(b), it is *denied*.

Although this Court has refused to certify an appeal of the interlocutory orders at issue, the Court notes that immediate appellate review is permitted for:

> a small class of orders: which finally determine claims of right separable from, and collateral to, rights asserted in the action. Such collateral orders are too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated. The collateral order doctrine applies when three conditions are satisfied: the order must conclusively determine the disputed question; it must resolve an important issue completely separate from the merits of the action; and it must be effectively unreviewable on appeal from a final judgment. Two salient principles gloss these requirements. For one thing, an issue is important in the relevant sense if it is weightier than the societal interests advanced by the ordinary operation of final judgment principles. For another thing — with respect to the third condition — the decisive consideration is whether delaying review until the entry of final judgment would imperil a substantial public interest or some particular value of a high order. The focus of the inquiry is not on the facts of the case but, rather, on the class of claims, taken as a whole.

*Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 65 (1st Cir. 2022)(internal citations, internal quotation marks and citations to quoted cases omitted). Ultimately, whether appellate review under the collateral order doctrine is warranted is a question for the First Circuit. However, in this instance, the Court finds that while the order which Kozak seeks to appeal conclusively determines the question of whether she can supplement her filing opposing Flagstar's motion for summary judgment and that question is separate from the merits, the order in question does not resolve issues of considerable importance, there is no substantial interest to the public, and the issues in question are reviewable on appeal after final judgment. Therefore, this Court does not find that the orders in question are reviewable under the collateral order doctrine.[3]

## Conclusion

It is hereby Ordered that:

To the extent that this Court has juridiction over Defendant's petition to file an interlocutory appeal (Docket No. 98), that request is ***denied.***

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**SENIOR DISTRICT JUDGE**

---

[3] As noted by Flagstar, Kozak's Notice of Appeal appears to have been filed three days after the thirty-day deadline set forth in the Rules of Appellate Procedure. *See* Fed. R. App. P. 4. Given that the Court has found no basis for permitting Kozak's Petition to go forward, it is not necessary to address the timeliness of her appeal.